**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT WASHINGTON, | ) | |
| | ) | No. 10 C 7645 |
| Plaintiff, | ) | |
| | ) | Hon. Elaine E. Bucklo |
| v. | ) | Judge Presiding |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, the ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") and GLADYSE C. TAYLOR, by and through  their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

## INTRODUCTION

In his First Amended Complaint, Plaintiff ROBERT WASHINGTON alleges that Defendants failed to assist Plaintiff in finding an "approved host site," resulting in Plaintiff serving his MSR term incarcerated at Big Muddy River Correctional Center.

Plaintiff names IDOC and GLADYSE C. TAYLOR, "in her official capacity as Director of the Illinois Department of Corrections" as Defendants, and seeks money damages pursuant to his "Section 1983 - *Monell* Claim."  Plaintiff's First Amended Complaint must be dismissed because *Monell* only applies to municipalities, and also because the Eleventh Amendment bars all official capacity claims for money damages.

1

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests whether the claimant has properly stated a claim upon which relief may be granted. Bell Atlantic Corp. v Twombly 127 S.Ct 1955,1964 (2007). The Court must dismiss a complaint for failure to state a claim if no relief can be granted under any set of facts that could be provided consistent with the allegations. Glatt v. Chicago Park District, 847 F.Supp. 101, 103 (N.D. Ill. 1994). Although Courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, the Court need not strain to find favorable inferences which are not apparent on the face of the complaint. Id. at 103. Nor is this Court required to accept legal conclusions either alleged or inferred from pleaded facts. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In order to survive a motion to dismiss, the complaint must state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory. Glatt , 847 F. Supp. at 103. Finally, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986). It is with these standards in mind that this motion must be decided.

**ARGUMENT**

**I. The Eleventh Amendment Bars All Official Capacity Claims for Money Damages**

In Pennhurst v. Haldeman, 465 U.S. 89, 100-101 (1984), the Supreme Court held that an unconsenting state cannot be sued in federal court. Unless Congress has chosen to override the

2

Eleventh Amendment by legislating pursuant to its power under section 5 of the Fourteenth Amendment, *see* <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445 (1976) a state simply cannot be sued in federal court. This exception is not applicable in this case, nor has Illinois consented to suit.

The Court in <u>Pennhurst</u> stated:

> This Court's decisions thus establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. There may be a question, however, whether a particular suit in fact is a suit against the State. *It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.*

465 U.S. at 100. (Emphasis added)

The Court further held that it makes no difference whether the Plaintiff seeks damages or injunctive relief. *Id*. at 102.

The Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. *See, e.g.*, <u>Kroll v. Board of Trustees of Univ. of Illinois</u>, 934 F.2d 904, 907 (7th Cir. 1991); <u>Billman v. Indiana Dept. of Corrections</u>, 56 F.3d 785, 788 (7th Cir. 1995); <u>Scott v. O'Grady</u>, 975 F.2d 366, 369 (7th Cir. 1992); <u>Baxter v. Vigo County</u>, 26 F.3d 728, 731 (7th Cir. 1994). The Eleventh Amendment bar has also been applied to the Illinois Department of Corrections. <u>Trotter v. Klincar</u>, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also* <u>Walker v. Rowe</u>, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 n.17 (1985).

3

Official capacity suits are actions against the government entity of which the official is a part. Zambrano v. Reinert, 291 F.3d 964, 976 (7th Cir. 2002); Sandville v. McCaughtry, 266 F.3d 724, 732 (7th Cir. 2001)(*citing* Wolf-Lillie v. Sonquist, 699 F.2d 864,870 (7th Cir. 1983)). Section 1983 "does not authorize suits against states." Id., at p. 733 (*citing* Power v. Summers, 266 F.3d 815, 818 (7th Cir. 2000)). Therefore, "State officers in their official capacities, like States themselves, are not amenable to suit for damages under Section 1983." Arizonans for Official English v. Arizona, 520 U.S. 43, 69 117 S. Ct. 1055, 1070 (1997); Zambrano, 291 F.3d at 976.

Courts have created a few exceptions. American Soc. of Consultant Pharmacists v. Patla, 138 F.Supp.2d 1062, 1068 (N.D.Ill.2001)(*citing* Edelman v. Jordan, 415 U.S. 651, 666-67 (1974) (plaintiff may sue state official alleging violation of federal law and federal court may award prospective injunctive relief but not retroactive monetary relief)). While the Ex parte Young doctrine allows a suit for injunctive relief to be brought in federal court against a state official acting in his or her official capacity, it is clear that Ex parte Young does not allow a State or its departments to be directly joined as parties. American Soc. of Consultant Pharmacists v. Patla, 138 F.Supp.2d at 1070-71 (citing 209 U.S. 123, 160 (1908)).

Here, Plaintiff has sued the IDOC and GLADYSE C. TAYLOR in her official capacity. *See*, Plaintiff's Am. Comp., ¶ 4. Plaintiff does not seek injunctive relief, and could not; Plaintiff alleges that he is no longer incarcerated. Plaintiff's Am. Comp., ¶ 3. To have standing to assert a claim for declaratory or injunctive relief, a plaintiff "must show that he is in immediate danger of sustaining some direct injury." Robinson v. City of Chicago, 868 F.2d 959, 966 (7th Cir.1989) (*citing* City of Los Angeles v. Lyons, 461 U.S. 95, 105-06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ...

4

if unaccompanied by any continuing, present adverse effects." <u>Lyons</u>, 461 U.S. 95, 96, 103 S.Ct. 1660, 75 L.Ed.2d 675 (*quoting* <u>O'shea v. Littleton</u>, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1983)). The plaintiff must show that the defendant is likely to injure him again, <u>id</u>. at 105; <u>Robinson</u>, 868 F.2d at 966; *see also* <u>Roe v. Operation Rescue</u>, 919 F.2d 857, 864 (3d Cir.1990), and that the relief he seeks is likely to prevent the injury from occurring, *see* <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); <u>Simon v. E. Kentucky Welfare Rights Org.</u>, 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Plaintiff makes no such allegations that there are any "continuing adverse effects," or that Defendants are likely to injure him again. The IDOC and Plaintiff's official capacity claims against GLADYSE C. TAYLOR must be dismissed.

A Monell claim applies only to municipalities and not to a state or a department of a state. <u>Joseph v. Bd. of Regents of the Unv. Of Wisc. System</u>, 432 F.3d 746, 748 (7th Cir. 2006). Here, there is no municipality involved. Only the IDOC, a department of the State of Illinois, and its Director-employee has been named. The Plaintiff's Monell claim in Count I is wrongfully brought against the State, and it must be dismissed pursuant to Rule 12(b)(6).

As the State of Illinois and its various departments are shielded from suit by Eleventh Amendment immunity, Plaintiff's complaint as to Defendants in their official capacities must be dismissed.

## II.    Defendants Are Entitled To Qualified Immunity In This Action

All defendants contend they are immune from damages and from suit due to the application of qualified immunity. In <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), the Supreme Court held that "government officials performing discretionary functions, generally are shielded from liability from

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 at 818, 102 S.Ct. at 850 F.2d 1180, 1211-1212. (7th Ct. 1988).

> [A]n official should not be held liable in damages under §1983 unless the constitutional right he was alleged to have violated was "clearly established" at the time of the violation.

104 S.Ct. at 3019. See also, Mitchell v. Forsyth, 105 S.Ct. 1806, 2814. (1985).

As the U.S. Supreme Court stated in Anderson v. Creighton, 107 S.Ct. 3034 (1987) "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." In *Anderson*, 107 S.Ct. at 3038, the Court rejected the notion that a plaintiff's pleading which alleged generally the violation of a clearly established broad constitutional guarantee, such as the right to be free from unreasonable search and seizure or the right to due process of law, would be sufficient to overcome the defense of qualified immunity, which is a defense not only from liability but also from the burdens of trial. The court noted that if the "clearly established law" standard which is essential to the assessment of qualified immunity is applied at the "level of generality" of the violation of such a broad constitutional guarantee, "Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging a violation of abstract rights. Harlow would be transformed from a guarantee of immunity to a rule of pleading." Anderson, 107 S.Ct. at 3039.

The court in Anderson required analysis beyond an allegation of a general violation of a constitutionally protected right to determine if the circumstances confronted by individual defendants were sufficient to create in that defendant liability for these acts or omissions.

> ...[The] right the official is alleged to have violated must have been
> "clearly established" in a more particularized, and hence more
> relevant, sense:  The contours of the right must be sufficiently clear
> that a reasonable official would understand that what he is doing
> violates that right.  This is not to say that an official action is
> protected by qualified immunity unless the very action in question has
> previously been held unlawful...but is to say that in the light of pre-
> existing law the unlawfulness must be apparent.

Anderson, 107 S.Ct. at 3039.

Implicit in the analysis of qualified immunity mandated by the Anderson case, are the
requirements that the law which a defendant is alleged to have violated must have been clearly
established in the particularized sense and that the violation must have been intentional or the result
of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level
of "incompetence."  Neither factor is present from the facts in this case.

In Illinois, conditions of parole or MSR are discretionary.  *See*, U.S. ex rel. Neville v. Ryker,
2009 WL 230524, *6-7 (N.D.Ill. 2009).  Therefore, Defendants are entitled to qualified immunity
as they are alleged to be government officials performing discretionary functions, which Plaintiff has
failed to allege violates clearly established law.

Stated another way, based on the allegations of the complaint, the defendants could not
possibly have been on notice that they violated any clearly established law because, in fact, per the
authority cited in this motion, they have not violated any established law and, as such are entitled
to the defense of qualified immunity and are immune from suit.  Rakovich v. Wade, 850 F.2d 1180,
1211-1212 (7th Ct. 1988).

WHEREFORE, for the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed.

LISA MADIGAN                                        Respectfully submitted,
Attorney General of Illinois

                                    By:     /s/ Matthew M. Smith
                                            MATTHEW M. SMITH
                                            Assistant Attorney General
                                            Office of the Attorney General
                                            100 W. Randolph Str., 13th Floor
                                            Chicago, Illinois  60601
                                            (312) 814-4451

8